IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY LAFAVE<br>and SAMANTHA ELLIOTT<br><br>    Plaintiffs,<br><br>v.<br><br>I.C. SYSTEM, INC.,<br><br>    Defendant. | CASE NO. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 47 U.S.C. § 227(b)(3).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district and Defendant transacts business in this district.

**PARTIES**

4. Plaintiff Ashley LaFave ("Ms. LaFave") is a natural person who at all relevant times resided in the State of Missouri, County of Pulaski, and City of Fort Leonard Wood.

5. Ms. LaFave is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Ms. LaFave's sister, Plaintiff Samantha Elliott ("Ms. Elliott") is a natural person who at all relevant times resided in the State of Illinois, County of Cook, and City of Chicago.

7. Defendant I.C. System, Inc. ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Ms. LaFave, as defined by 15 U.S.C. § 1692a(5).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Ms. LaFave is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10. Ms. LaFave's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal cellular telephone services rendered (the "Debt").

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. In connection with the collection of the Debt from Ms. LaFave, Defendant's agent and/or employee, placed a call to Ms. LaFave's sister, Ms. Elliott, on September 25, 2012 at 12:50 P.M., and at such time, left a voicemail message.

13. Ms. Elliott returned Defendant's call on September 25, 2012 at 12:51 P.M., and at such time, spoke with Defendant's agent and/or employee.

14. During the conversation that ensued on September 25, 2012 at 12:51 P.M., Defendant's agent and/or employee stated to Ms. Elliott that Defendant was calling for Ms. LaFave.

15. During the September 25, 2012 conversation, Defendant's agent and/or employee represented to Ms. Elliott that Defendant was calling about Ms. LaFave's cellular telephone bill from Verizon.

16. During the September 25, 2012 at 12:51 P.M. conversation, Ms. Elliott provided Ms. LaFave's cellular telephone number to Defendant, and further, demanded that Defendant cease and desist from placing any and all further calls to Ms. Elliott's cellular telephone.

17. Despite Ms. Elliott's cease and desist demand, Defendant placed calls to Ms. Elliott's cellular telephone, including, but not limited to: September 25, 2012 at 4:12 P.M., September 25, 2012 at 6:09 P.M., and September 25, 2012 at 6:15 P.M.

18. During each of the above-referenced calls, Ms. Elliott demanded that Defendant cease and desist from placing any and all further calls to Ms. Elliott's cellular telephone.

19. During the September 25, 2012 telephone call, Defendant disclosed to a third party, Ms. Elliott, the existence of the Debt owed by Ms. LaFave.

20. During the September 25, 2012 telephone call, Defendant communicated with a single third party, Ms. Elliott, more than once, in connection with an attempt to collect the Debt from Ms. LaFave.

21. By repeatedly calling Ms. Elliott after she demanded that Defendant stop calling her cellular telephone, Defendant placed continuous or repeated phone calls with the intent to harass the called party.

22. Upon information and good-faith belief, Defendant placed multiple telephone calls to Ms. Elliott's cellular telephone number using an automatic telephone dialing system.

23. Defendant did not place any telephone calls to Ms. Elliott for emergency purposes.

24. Defendant did not have Ms. Elliott's prior express consent to make any telephone calls to Ms. Elliott's cellular telephone number.

25. Upon information and good-faith belief, Defendant placed telephone calls to Ms. Elliott voluntarily.

26. Upon information and good-faith belief, Defendant placed telephone calls to Ms. Elliott under its own free will.

27. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place telephone calls to Ms. Elliott.

28. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place telephone calls to Ms. Elliott.

29. Upon information and good-faith belief, Defendant maintains business records that show all calls that Defendant placed to Ms. Elliott's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(2)

30. Plaintiffs repeat and re-allege each and every factual allegation above.

31. Defendant violated 15 U.S.C. § 1692b(2) by disclosing to a third party the existence of Ms. LaFave's Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692b(3)

32. Plaintiffs repeat and re-allege each and every factual allegation above.

33. Defendant violated 15 U.S.C. § 1692b(3) by communicating with a single third party more than once, in connection with an attempt to collect the Debt from Ms. LaFave.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(b)

34. Plaintiffs repeat and re-allege each and every factual allegation above.

35. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Ms. LaFave or the express permission of a court of competent jurisdiction, and without it being necessary to effectuate a post-judgment remedy.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d

36. Plaintiffs repeat and re-allege each and every factual allegation above.

37. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. Elliot, including by making repeated or continuous phone calls to her.

38. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ms. LaFave, including by making unnecessary calls to third parties, where the debt collector knew the consumer's name and telephone number and could have reached her directly.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

39. Plaintiffs repeat and re-allege each and every factual allegation above.

40. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing calls to Ms. Elliott's cellular telephone number, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Ms. Elliott prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

   b) Enjoining Defendant from placing any further telephone calls to Plaintiffs in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Ms. Elliott statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Ms. Elliott actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Ms. Elliott treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Ms. Elliott reasonable attorneys' fees and costs incurred in this action;

g) Awarding Ms. Elliott any pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

41. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 1st day of August, 2013.

> Respectfully submitted,
> **SAMANTHA ELLIOTT and**
> **ASHLEY LAFAVE**
>
> By: /s/Alex D. Weisberg
> ALEX D. WEISBERG
> IL Bar No. 6271510
> WEISBERG & MEYERS, LLC
> ATTORNEYS FOR PLAINTIFFS
> 5722 S. Flamingo Rd, Ste. 656
> Cooper City, FL 33330
> (954) 212-2184
> (866) 577-0963 fax
> aweisberg@attorneysforconsumers.com
>
> David W. Lipschutz
> IL Bar No. 6301849
> 2551 N. Clark Street, Suite 405
> Chicago, IL 60614
> (312) 547-9399
> lipschutz.law@gmail.com